IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALTYNAI ASHYRAPOVA, in her own capacity and on behalf of her minor son, SAIAN ISKENDEROV, | § § § § | |
| *Petitioner*, | § § | |
| V. | § § | CIVIL ACTION NO. SA-26-CV-00214-FB |
| TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, in his official capacity as Acting Executive Associate Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; ALEJANDRO N. MAYORKAS, Secretary, U.S. Department of Homeland Security; PAM BONDI, in her official capacity as Attorney General of the United States; and THE WARDEN OF THE FACILITY WHERE PETITIONER IS CURRENTLY DETAINED, in his or her official capacity as custodian of Petitioners, | § § § § § § § § § § § § § § § § § | |
| *Respondents*. | § § | |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Before the Court are the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), filed by Altynai Ashyrapova ("Petitioner), the Federal Respondents' ("Respondents") Advisory to the Court (ECF. No. 8) regarding Petitioner's release, and related filings (ECF Nos. 4, 9 & 10). After careful consideration, the Court is of the opinion that Petitioner's § 2241 Petition (ECF No. 1) should be **DISMISSED WITHOUT PREJUDICE AS MOOT.**

### BACKGROUND

Petitioner is a citizen of Kyrgyzstan. After suffering a serious head injury from which she had not fully recovered, Petitioner and her son entered the United States. They were detained by immigration authorities in August 2025. On January 12, 2026, Petitioner filed a § 2241 Petition

contesting the legality of her continued detention and seeking release. The Court ordered service on Respondents. Thereafter, Respondents filed their Advisory to the Court regarding Petitioner's release. In the advisory, Respondents state that Petitioner was removed from the United States on January 20, 2026, rendering her Petition moot.

## ANALYSIS

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). A party must continue to have a personal stake in the outcome of the lawsuit. *TransUnion LLC,* 594 U.S. at 423; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Shemwell v. City of McKinney,* 63 F.4th 480, 483 (5th Cir. 2023).

In her Petition, Petitioner requests release from detention. However, Petitioner is no longer detained by immigration authorities and has been removed to another country. Because she is no longer detained, the relief she seeks is no longer available. In other words, the Court can no longer redress her alleged injury with a favorable judicial decision. *See TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. Accordingly, Petitioner's claim for relief is moot and her Petition is subject to dismissal. *See*

*Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (holding petitioners' habeas claims were properly dismissed as moot after they were released from detention); *see also Lewis*, 494 U.S. at 477; *Shemwell*, 63 F.4th at 483.

## CONCLUSION

Petitioner has been removed from the United States and is no longer in detention. The only relief sought by Petitioner was release from detention, which the Court can no longer provide. Accordingly, the Court finds Petitioner's § 2241 Petition is subject to dismissal without prejudice as moot.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

IT IS FINALLY ORDERED that motions pending with the Court are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 30th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE